UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO:

BRAD ESTREMERA,

    Plaintiff(s),

v.

THE PRESSURE CLEANING PEOPLE.COM LLC,
a Florida limited liability company, and
ANTHONY SCHILLING, individually,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, BRAD ESTREMERA ("Plaintiff") pursuant to *29 U.S.C. § 216(b)*, files the following Complaint against Defendants, THE PRESSURE CLEANING PEOPLE.COM LLC ("PCP"), and ANTHONY SCHILLING ("SCHILLING"), individually (collectively referred to as "Defendants"), and alleges the following:

### INTRODUCTION

1. Defendants have unlawfully deprived Plaintiff of overtime compensation during the course of his employment. This action arises under the Fair Labor Standards Act ("FLSA"), pursuant to *29 U.S.C. §§ 201–216*, to recover all wages owed to Plaintiff during the course of his employment. This lawsuit also seeks redress for the unlawful retaliation taken against Plaintiff for invoking his rights under the FLSA, and seeks additional damages arising from unlawful battery committed against the Plaintiff in direct response to the Plaintiff's invocation of his FLSA rights.

## PARTIES

2. During all times material hereto, Plaintiff was a resident of Palm Beach County, Florida, over the age of 18 years, and otherwise *sui juris*.

3. During all times material hereto, Defendant, PCP, was a Florida limited liability company located and transacting business within Palm Beach County, Florida, within the jurisdiction of this Honorable Court.

4. PCP is headquartered and operates its principal location at 127 Lake Arbor Drive, Palm Springs, Florida 33461.

5. Defendant, PCP, was Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

6. During all times material hereto, Defendant, SCHILLING, was a resident of the Southern District of Florida.

7. During all times material hereto, Defendant, SCHILLING has been the registered agent, corporate officer, and managing member of PCP.

8. During all times material hereto, Defendant, SCHILLING, was over the age of 18 years, and was vested with the ultimate control and decision-making authority over the hiring, firing, day-to-day operations, and pay practices for Defendant, PCP, particularly as they relate to Plaintiff.

9. During all times material hereto, Defendant, SCHILLING was Plaintiff's supervisor.

10. Defendant, SCHILLING, was also Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations.

## JURISDICTION AND VENUE

11. The acts and omissions giving rise to this dispute took place within Palm Beach County, Florida, which falls within the jurisdiction of this Honorable Court.

12. Defendant, PCP, is headquartered and regularly transacts business in Palm Beach County, Florida, and jurisdiction is therefore proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

13. Venue is also proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

14. This Honorable Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to *28 U.S.C. § 1367*.

## GENERAL ALLEGATIONS

15. Defendant, PCP, provides its pressure cleaning services to its residential and commercial clients throughout Palm Beach County, Florida, and has done so since at least 2014.

16. Defendant, PCP, pressure cleans roofs, walls, driveways, walkways, patios, pavers and screened enclosures. *See* https://www.thepressurecleaningpeople.com/services.html (last visited February 25, 2020).

17. Defendants, PCP and SCHILLING, employ pressure cleaners such as Plaintiff to perform the labor involved in detailing and cleaning residential and commercial properties throughout Palm Beach County, Florida.

## FLSA COVERAGE

18. Defendant, PCP, is covered under the FLSA through enterprise coverage, as PCP was engaged in interstate commerce during all pertinent times in which Plaintiff was employed.

3

More specifically, PCP's business and Plaintiff's work for PCP affected interstate commerce because the goods and materials Plaintiff and other employees used and/or handled on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same. Accordingly, Defendant, PCP, was engaged in interstate commerce pursuant to *29 U.S.C. § 203(s)(1)(B)*.

19. During his employment with Defendant, PCP, Plaintiff and multiple other employees handled and worked with various goods and/or materials that moved through interstate commerce, including, but not limited to the following: hammers, saws, chemicals, tape measures, air compressors, air hoses, power tools, pressure cleaning guns, soft bristle brushes, surface cleaners, soap, water brooms, foamers, chlorine bleach, sodium hydroxide, roof tiles, trucks, vehicles, pressure washers, water pressure gauges, helmets, ladders, hoses, etc.

20. Defendant, PCP, regularly employed two (2) or more employees for the relevant time period, and these employees handled goods or materials similar to those goods and materials handled by Plaintiff, thus making Defendant, PCP's business an enterprise covered by the FLSA.

21. Upon information and belief, Defendant, PCP, grossed or did business in excess of $500,000.00 during the years of 2017, 2018, 2019 and is expected to gross in excess of $500,000.00 in 2020.

22. During all material times hereto, Plaintiff was a non-exempt employee of Defendants, PCP, and SCHILLING, within the meaning of the FLSA.

**PLAINTIFF'S WORK FOR DEFENDANTS**

23. In or around July 2019, Plaintiff began working for Defendants, PCP and SCHILLING, and continued to do so until February 11, 2020.

24. Plaintiff worked an average of fifty-five (55) hours per week throughout his entire employment with Defendants.

25. From on or about July 2019 through February 1, 2020, Defendants paid Plaintiff $16.00 per hour.

26. From about February 1, 2020 through February 11, 2020 Defendants paid Plaintiff $13.00 per hour.

27. Defendants refused to compensate Plaintiff at the proper overtime rate of time-and-one-half as required by the FLSA for all hours worked in excess of forty (40) per week.

28. Defendants were expressly aware of the overtime work performed by Plaintiff, but nevertheless required Plaintiff to continue working without receiving the proper overtime rate during any of the workweeks between July 2019 and February 11, 2020.

29. As a result of Defendants' intentional and willful failure to comply with the FLSA, Plaintiff has been required to retain the undersigned counsel and is therefore entitled to recover liquidated damages and reasonable attorney's fees and costs incurred in the prosecution of these claims.

**SCHILLING PHYSICALLY ATTACKS PLAINTIFF**

30. On or around July 26, 2019, after working about a twelve (12) hour shift, Plaintiff complained to Defendant, SCHILLING, that Defendants were failing to compensate Plaintiff at his proper overtime rate for working in excess of forty (40) hours per week.

31. In direct response to this invocation of Plaintiff's federal rights, during the car ride back to Defendant's headquarters, SCHILLING physically attacked Plaintiff by hitting him across the face. SCHILLING made this offensive contact with Plaintiff against Plaintiff's will and without his consent.

32. SCHILLING then told Plaintiff that if he wanted to be paid overtime, Plaintiff should find a new job.

### COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS – *29 U.S.C. § 207*
**(Against All Defendants)**

33. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 32 as though set forth fully herein.

34. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), *29 U.S.C. § 216(b)*.

35. During the time period relevant to this lawsuit, Plaintiff worked an average of fifty-five (55) hours per week.

36. From July 2019 through February 11, 2020, Defendants refused to compensate Plaintiff at the proper overtime rate of time-and-one-half required by the FLSA for all hours worked in excess of forty (40) per week.

37. From July 2019 through February 11, 2020, Defendants refused to compensate Plaintiff at the proper overtime rate of time-and-one-half required by the FLSA for all hours worked in excess of forty (40) per week.

38. Defendants automatically deducted forty-five (45) minutes for lunch breaks that Defendants knew Plaintiff, and others similarly situated, regularly worked through, for the benefit of Defendants.

39. Plaintiff is entitled to recover his statutorily prescribed federal overtime wages for all hours worked in excess of forty (40) per week.

40. Plaintiff therefore claims his proper overtime rate for each hour worked in excess of forty (40) per week, during the time period between July 2019 and February 11, 2020.

41. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the FLSA, as Defendants knew of the overtime requirements of the FLSA. Defendants recklessly failed to investigate whether Defendants' payroll practices were in accordance with the FLSA during the relevant time period.

42. Accordingly, the statute of limitations in this action should be three (3) years as opposed to two (2) years.

43. Defendants' willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

44. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, BRAD ESTREMERA, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, THE PRESSURE CLEANING PEOPLE.COM LLC, and ANTHONY SCHILLING, and award Plaintiff: (a) unliquidated damages to be paid by the Defendants jointly and severally; (b) liquidated damages to be paid by the Defendants jointly and severally; (c) reasonable attorney's fees and costs to be paid by the Defendants jointly and severally; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## COUNT II – FLSA RETALIATION – *29 U.S.C. § 215(a)(3)*
**(Against all Defendants)**

45. Plaintiff re-avers and re-alleges Paragraphs 1 through 32 above, as though fully set forth herein.

46. On or about July 26, 2019, Plaintiff requested to be paid his proper overtime pay for working in excess of forty (40) hours per week.

47. Defendant, SCHILLING, physically attacked Plaintiff by hitting him across the face immediately after Plaintiff made this reasonable request.

48. Defendant, THE PRESSURE CLEANING PEOPLE.COM LLC, through its employees and agents, has at all times hereto been on express notice of the retaliatory action taken against Plaintiff and has permitted its employees to retaliate against Plaintiff in direct response to invoking his right to overtime pay under the FLSA.

49. Defendant, SCHILLING's physical retaliation against Plaintiff was committed in direct response to Plaintiff's request to for overtime pay.

50. Defendant, SCHILLING's physical retaliation against Plaintiff was undertaken to discourage Plaintiff from requesting or receiving overtime compensation under federal law.

51. Plaintiff suffered actual harm and humiliation as a result of SCHILLING's physical attack against Plaintiff in the presence of another employee witness.

52. As a result of Defendants' unlawful conduct, Plaintiff is entitled to recover damages and reasonable attorney's fees and costs incurred in the prosecuting his claims arising under the FLSA.

WHEREFORE, Plaintiff, BRAD ESTREMERA, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, THE PRESSURE CLEANING

PEOPLE.COM LLC, and ANTHONY SCHILLING, and award Plaintiff: (a) unliquidated damages to be paid by the Defendants jointly and severally; (b) liquidated damages to be paid by the Defendants jointly and severally; (c) reasonable attorney's fees and costs to be paid by the Defendants jointly and severally; (d) compensatory damages to be paid by Defendants jointly and severally; and any and all such further relief as may be deemed just and reasonable under the circumstances.

### COUNT III – FLORIDA COMMON LAW BATTERY
**(Against Anthony Schilling)**

53. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 32 as though set forth fully herein.

54. Defendant, SCHILLING's actions constitute unwanted, harmful and offensive touching of Plaintiff's person against his will and without his consent.

55. Defendant, SCHILLING's actions were willful, wanton and in reckless disregard to Plaintiff's rights and safety.

56. Plaintiff suffered damages because of SCHILLING's actions in an amount to be proven at trial.

57. Defendant, SCHILLING, should be punished to deter future incidents of this intentional conduct taken against Plaintiff.

WHEREFORE, Plaintiff, BRAD ESTREMERA, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, ANTHONY SCHILLING, and award Plaintiff: (a) compensatory damages; (b) punitive damages; (c) reasonable attorney's fees and costs; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, BRAD ESTREMERA, requests and demands a trial by jury on all appropriate claims.

**Dated this 27th day of February, 2020.**

> Respectfully Submitted,
>
> **USA EMPLOYMENT LAWYERS-JORDAN RICHARDS, PLLC**
> 805 E. Broward Blvd. Suite 301
> Fort Lauderdale, Florida 33301
> Ph: (954) 871-0050
> *Counsel for Plaintiff*
>
> By: */s/ Jordan Richards*
> JORDAN RICHARDS, ESQUIRE
> Florida Bar No. 108372
> JAKE BLUMSTEIN, ESQUIRE
> Florida Bar No. 1017746
> MELISSA SCOTT, ESQUIRE
> Florida Bar No. 1010123
> *Jordan@jordanrichardspllc.com*
> *Melissa@jordanrichardspllc.com*
> *Jake@jordanrichardspllc.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on February 27, 2020.

> By: */s/ Jordan Richards*
> JORDAN RICHARDS, ESQUIRE
> Florida Bar No. 108372

**SERVICE LIST:**